UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
Case Number: 3:13-cv-306-MMH-JRK

CABLEVIEW COMMUNICATIONS OF
JACKSONVILLE, INC., a Florida
Corporation

Plaintiff,

v.

TIME WARNER CABLE SOUTHEAST LLC
a/k/a TIME WARNER CABLE ENTERPRISES
LLC f/k/a TIME WARNER ENTERTAINMENT
COMPANY, L.P. a/k/a TIME WARNER
ENTERTAINMENT- ADVANCE/NEWHOUSE
PARTNERSHIP d/b/a TIME WARNER CABLE

Defendant.
_____/

## STIPULATED AGREEMENT AND PROTECTIVE ORDER

Plaintiff Cableview Communications of Jacksonville, Inc. ("Cableview") and Defendant "Time Warner Cable Southeast LLC a/k/a Time Warner Cable Enterprises LLC f/k/a Time Warner Entertainment Company, L.P. a/k/a Time Warner Entertainment – Advance/Newhouse Partnership d/b/a Time Warner Cable" (these entities are collectively referred to herein as "TWC"), through their respective counsel, hereby request the Court to enter the following protective order:

### I. DESIGNATED MATERIAL

Any information or material produced, formally or informally, in response to a discovery request or voluntarily produced without a formal discovery request in this action and any material lodged with the Court may be designated as "CONFIDENTIAL" by the person or entity producing or lodging it or by any party to this action (the "Designating Entity"). All such

information and material and all information or materials derived from same constitute "Designated Material" under this Order. The designation may be made to avoid invasions of individual privacy and to protect proprietary information, confidential business or financial information, and/or trade secrets relating to the Designating Entity's business, personal, or financial affairs. The designation shall be "CONFIDENTIAL."

## II. ACCESS

Designated Material shall not be used or disclosed for any purposes other than the litigation of this action. Designated Material may be disclosed only as follows:

A. Material designated "CONFIDENTIAL" may be disclosed to (1) the officers, directors, members and/or employees of parties to this action who have a legitimate need to know and have signed an acknowledgement to be bound by this Stipulation as set forth in Exhibit "A"; (2) persons who are members or employees of counsel for the parties, including in-house counsel, and firms engaged by counsel for the parties to provide litigation support services (and the employees of such firms) who are engaged in the preparation for and the trial of this action; and (3) those individuals to whom Designated Material may be disclosed under the terms of paragraph (C) below.

C. No disclosure can be made to any prospective consultant or consultant to any party to this action, or to any non-party, unless he or she signs an acknowledgment to be bound by this Stipulation as set forth in Exhibit "A." Counsel disclosing Designated Material under this paragraph shall keep the signed acknowledgement on file.

D. <u>Copies</u>. Copies may be made by or for the foregoing persons, provided that all copies are appropriately marked. All copies and extracts are subject to paragraph VII of this Order.

E. <u>Custody of Designated Materials</u>. All documents containing information designated "CONFIDENTIAL" pursuant to this Order and notes or other records regarding that information shall be maintained in the custody of counsel of record for the parties, except that consultants may retain documents on a temporary basis for purposes of study, analysis and preparation of the case. A person with custody of Designated Materials shall maintain it in a manner that limits access to qualified persons.

F. <u>Authors and Addressees</u>. The designation of any document as "CONFIDENTIAL" shall not preclude any party from showing the document to any person who appears as an author, addressee or recipient on the face of the document.

## III.  DESIGNATING DOCUMENTS

When a party producing documents wishes to designate some portion as "CONFIDENTIAL," such designation shall be made by placing an appropriate legend, of sufficient size and location as to make the designation readily apparent, on each page of the document prior to production. When a party wishes to designate as "CONFIDENTIAL" a document produced by someone other than the Designating Entity, such designation shall be made: (a) within twenty (20) days from the date that the designating party receives the document; and (b) by notice to all parties, identifying with particularity the designated document(s).

## IV.  DESIGNATING DEPOSITIONS

A. Deposition transcripts or portions thereof may be designated as "CONFIDENTIAL" by a party either: (i) before the testimony is recorded, in which case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter, as the Designating Entity may direct, or (ii) by captioned, written notice to the reporter

and all counsel of record, given within ten (10) business days after receipt of the transcript, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Entity. Pending expiration of the ten (10) business days, the deposition transcript shall be treated as if it had been designated "CONFIDENTIAL."

B. Where testimony is designated as "Confidential" at a deposition, the Designating Entity may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under Section II of this Order.

C. Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided that the deposition witness is one to whom the exhibit may be disclosed under Section II of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the original material.

## V. COURT PROCEDURES

A. Any party who wishes to file any Designated Materials with the Court must do so under seal, and must file a motion with the Court in accordance with Local Rule 1.09. *See* M.D. Fla. R. 1.09.

## VI. OBJECTIONS

A party may challenge the propriety of any designation under this Order at any time. A challenge may be made by serving on all other parties a captioned notice of objection, which shall identify with particularity the items as to which the designation is challenged, state the basis for each challenge and propose a new designation for each item. If the parties cannot reach an agreement within twenty days of such notice, the challenged material may be submitted to the Court for resolution.

## VII. NO PREJUDICE

A. Nothing in this Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of discovery.

B. This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Entity consents in writing before the disclosure takes place.

C. Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Order shall not be admissible for any purpose during any proceeding on the merits of this action.

D. A party may make late designations of discovery by stipulation or Court order if the party failed to make a timely designation through mistake or inadvertence.

## VIII. FINAL DISPOSITION

Upon final termination of the action and at the written request of the designating or the producing person or entity, all Designated Material and all copies thereof shall be returned to counsel for the person or entity that produced the material or, in the case of deposition testimony regarding designated exhibits, counsel for the Designating Entity. However, outside counsel may retain pleadings, attorney and consultant work product, depositions, and one copy of each item of Designated Material for archival purposes.

## IX. MODIFICATION AND SURVIVAL

The restrictions imposed by this Order may only be modified or terminated by written stipulation of all parties or by order of this Court. This Order shall survive termination of this action.

## X. NO CONTRACT

This stipulation is for the Court's consideration and approval as an order. It shall not be construed to create a contract between the parties or between the parties and their respective counsel.

## XI. AGREEMENT OF PERSONS TO WHOM MATTER DISCLOSED

Each qualified person to whom such Designated Material is furnished, shown or disclosed shall first be provided with a copy of this Stipulated Protective Order, shall execute an agreement in the form attached hereto as "Exhibit A" and shall be bound by this Stipulated Protective Order. The counsel of record shall maintain the executed agreement and a list of each person to whom confidential information is disclosed. Counsel for each party shall advise those persons employed or retained in clerical, stenographic, or other ministerial functions of the restrictions provided herein upon dissemination of confidential information, and shall secure compliance of such persons with the terms of this Stipulated Protective Order.

SO STIPULATED this 13 day of August, 2014.

For Plaintiff:

**BRENNAN, MANNA & DIAMOND, P.L.**
800 West Monroe Street
Jacksonville, Florida 32202
Telephone: (904) 366-1500
Facsimile: (904) 366-1501
E-mail: JWebb@bmdpl.com

By: /s/ _____
JOHN D. WEBB
Florida Bar No. 51871

For Defendant

**WARGO FRENCH, LLP**
201 S. Biscayne Boulevard
Suite 1000
Miami, Florida 33131
Telephone: (305) 777-6000
Facsimile: (305) 777-6001
Email:Rbollman@wargofrench.com

By: /s/ _____
RYAN BOLLMAN
Florida Bar No. 93553

SO ORDERED THIS 19th day of September, 2014.

_____
JAMES R. KLINDT
UNITED STATES MAGISTRATE JUDGE