**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CABLEVIEW COMMUNICATIONS
OF JACKSONVILLE, INC., a Florida
Corporation,

                    Plaintiff,

v.                                          Case No.  3:13-cv-306-J-34JRK

TIME WARNER CABLE SOUTHEAST, LLC,
a/k/a Time Warner Cable Enterprises, LLC,
f/k/a Time Warner Entertainment Company,
L.P., a/k/a Time Warner Entertainment-
Advance/Newhouse Partnership, d/b/a Time
Warner Cable,

                    Defendant.

_____/

## O R D E R

      **THIS CAUSE** is before the Court on Plaintiff's Objections to the March 31, 2015 Order

(ECF. NO. 97) of the United States Magistrate Judge (Doc. 105; Objections), filed on April 14,

2015.   Citing to Rule 72, Federal Rules of Civil Procedure, and 28 U.S.C. § 636, Plaintiff

Cableview Communications of Jacksonville, Inc. ("Cableview") objects to the Order (Doc. 97;

Order) entered by the Honorable James R. Klindt, United States Magistrate Judge, on March

31, 2015.   In the Order, the Magistrate Judge granted in part and denied in part Defendant

Time Warner Cable Southeast's ("Time Warner") Motion for a Protective Order (Doc. 62;

Motion for a Protective Order).   In doing so, the Magistrate Judge sustained Time Warner's

assertion of the attorney-client privilege with regard to Document Nos. 260-61; 262; 263-69;

283-87; 288-89; 290-05; 298-99; 353-54 identified on Time Warner's privilege log (Doc. 70-1).

See Order at 5-8.  Additionally, the Magistrate Judge overruled Time Warner's assertion of the

- 1 -

attorney-client privilege with regard to Document Nos. 296-97.  <u>See</u> Order at 6-7.  Cableview

contends that with regard to Document Nos. 290-95 and 353-54, the Magistrate Judge's Order

is contrary to law and clearly erroneous, and requests that this Court reverse the determination

that these documents are protected.  <u>See</u> Objections at 2-3.  Time Warner responded to the

Objections on May 1, 2015.  <u>See</u> Defendant's Response to Plaintiff's Objections to the March

31, 2015 Order of Magistrate Judge Klindt (Doc. 112; Response).  Accordingly, the matter is

ripe for the Court's review.

## I.     Standard of Review

Inasmuch as the March 31, 2015 Order on Defendant's Motion for a Protective Order

does not dispose of a claim or defense of any party, it is a nondispositive order.  <u>See</u> <u>Smith v.

Sch. Bd. of Orange Cnty.</u>, 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam).  As such, to

prevail in its Objections, Cableview must establish that the conclusions to which it objects in

the Order are clearly erroneous or contrary to law.  <u>See</u> Rule 72(a); 28 U.S.C. § 636(b)(1)(A);

<u>see also</u> <u>Merritt v. Int'l Bhd. of Boilermakers</u>, 649 F.2d 1013, 1016-17 (5th Cir. Unit A June

1981);[1] <u>Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corrs.</u>, 122 F. Supp.

2d 1335, 1337 (M.D. Fla. 2000); <u>Williams v. Wright</u>, No. 3:09-cv-055, 2009 WL 4891825, at *1

(S.D. Ga. Dec. 16, 2009) ("A district court reviewing a magistrate judge's decision on a

nondispositive issue 'must consider . . . objections and modify or set aside any part of the order

---

[1]  In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

that is clearly erroneous or is contrary to law.'") (quoting Rule 72(a)).[2] "Clear error is a highly deferential standard of review." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (citations and quotations omitted); see also Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). A magistrate judge's order "is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Botta v. Barnhart, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (quoting Catskill Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002); see also Pigott v. Sanibel Dev., LLC, Civil Action No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (similar) (citation omitted); Schaaf v. SmithKline Beecham Corp., Civil Action No. 1:04-cv-2346-GET, 2008 WL 489010, at *3 (N.D. Ga. Feb. 20, 2008) (similar) (citation omitted).[3] Moreover, a

---

[2] "Although an unpublished opinion is not binding . . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[3] The Court notes some authority that the "contrary to law" standard invites plenary review of a magistrate judge's legal conclusions. See e.g., Haines v. Liggett Grp., Inc., 975 F.2d 81, 91 (3d Cir. 1992); Milwaukee Carpenter's Dist. Council Health Fund v. Philip Morris, Inc., 70 F. Supp. 2d 888, 892 (E.D. Wis. 1999); Computer Econ., Inc. v. Gartner Grp., Inc., 50 F. Supp. 2d 980, 983 & n.2 (S.D. Cal. 1999). In this Circuit, however, the "contrary to law" standard has been distinguished as more deferential than de novo review. See Merritt, 649 F.2d at 1016-17 ("[A] magistrate['s nondispositive orders] are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination as are a magistrate's proposed findings and recommendations."). Nonetheless, even to the extent the "contrary to law" standard may invite some level of plenary review, it is evident that because a magistrate is afforded broad discretion as to discovery matters, reversal as to a magistrate's discovery-related order is appropriate only where that discretion is abused. See generally Johnson v. Bd. of Regents of the Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pretrial activities, including discovery and scheduling.");

magistrate judge is afforded broad discretion in issuing nondispositive pretrial orders related to discovery such as the March 31, 2015 Order. <u>See</u> <u>Tracy P. v. Sarasota Cnty.</u>, No. 8:05-CV-927-T-26EAJ, 2007 WL 1364381, at *2 (M.D. Fla. May 9, 2007); <u>see also</u> Rule 6.01(c)(18), Local Rules, United States District Court, Middle District of Florida (Local Rule(s)) (authorizing magistrate judges to supervise and determine pretrial proceedings and motions in civil cases, including discovery motions).

## II.    Background and Summary of Arguments

Time Warner's Motion for a Protective Order is directed at certain emails Time Warner contends are protected by the attorney-client privilege but which Time Warner inadvertently produced in discovery. <u>See</u> Motion for a Protective Order at 1. Although Time Warner requested the return of the documents, the parties could not reach a complete agreement. <u>See</u> Motion for a Protective Order at 5-6; Objections at 2. As such, Time Warner filed the Motion for a Protective Order seeking the return or destruction of the documents. <u>See</u> Motion for a Protective Order at 1. After a hearing, the Magistrate Judge determined that Document Nos. 296-97 were not protected by the attorney-client privilege, and ordered Time Warner to produce the documents. <u>See</u> Order at 6-7. The Magistrate Judge further determined that Document Nos. 260-61; 262; 263-69; 283-87; 288-89; 290-95; 298-99; and 353-54 were protected, and sustained Time Warner's assertion of attorney-client privilege as to these documents. <u>See</u> Order at 5-8.

---

<u>Botta</u>, 475 F. Supp. 2d at 185; <u>Doe v. Hartford Life & Accident Ins. Co.</u>, 237 F.R.D. 545, 547-48 (D.N.J. 2006); <u>Doe v. Marsh</u>, 899 F. Supp. 933, 934 (N.D.N.Y. 1995); <u>see also</u> CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3069 (2d ed. 1997) ("Regarding legal issues, the language 'contrary to law' appears to invite plenary review. But many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis.").

Cableview objects only to the Magistrate Judge's determination that Document Nos. 290-95 and 353-54 are protected by the attorney-client privilege.  See Objections at 3.   In Document Nos. 290-95, Time Warner asserts attorney-client privilege with regard to one email from Lew Glenn (outside counsel for Time Warner) to Beverly S. Williams (Paralegal assisting Lew Glenn) and Michelle Marblo (Paralegal assisting Lew Glenn).  See Order at 7. In Document Nos. 353-54, Time Warner asserts the privilege with regard to two emails. See id. The first email is from Lew Glenn (outside counsel for Time Warner) to Craig Goldberg (in-house counsel for Time Warner), Dianne Blackwood (Area Vice President of Operations Carolinas for Time Warner), and Derral Hegar (Regional Vice President of Operations Carolinas for Time Warner), with a copy to Colleen Moore (Corporate Risk Supervisor for Time Warner).  See id.  The second email is a response from Craig Goldberg to Lew Glenn's original email.  See id. at 8.  Because the Magistrate Judge's Order sets forth the background of this litigation, the facts underlying the Motion for a Protective Order, and the relevant evidence, the Court will not further summarize the factual background here.

In its Objections, Cableview contends that the Magistrate Judge should have made findings of fact regarding the scope of Lew Glenn's ("Mr. Glenn") relationship with Time Warner, because in Cableview's view at times Mr. Glenn acted as a business negotiator for Time Warner, and the contested documents contain business advice rather than legal advice. See Objections at 5-6.  In this regard, Cableview makes much of the fact that Time Warner designated Mr. Glenn to testify at a deposition regarding the circumstances of the settlement of the prior North Carolina indemnity action.  See id.  Cableview maintains that the documents are not privileged communications, and cites to non-binding authority in which communications

with attorneys acting as business negotiators or agents of a business were found not to be privileged. <u>See</u> <u>id.</u> at 4, 6.

In response, Time Warner asserts that Mr. Glenn served as outside litigation counsel for Time Warner, and that he was retained solely for the purposes of filing suit against Cableview in the prior North Carolina indemnity action. <u>See</u> Response at 9.  This North Carolina action was pending at the time the contested emails were sent. <u>See</u> <u>id.</u>  Further, Time Warner argues that the settlement from the indemnity action was partially memorialized in the Asset Purchase Agreement at issue here, thereby necessitating Mr. Glenn's involvement with regard to the language to be included in the Asset Purchase Agreement. <u>See</u> <u>id.</u>  Time Warner contends that the mere fact that communications inform or relate to a business matter does not mean they cannot be privileged, and, "Legal advice should remain protected along with nonlegal considerations, discussed between client and counsel that are relevant to that consultation . . ." <u>See</u> <u>id.</u> at 8 (quoting <u>Preferred Care Partners Holding Corp. v. Humana, Inc.</u>, 258 F.R.D. 684, 697 (S.D. Fla. 2009)).

## III.    Discussion

In his Order, the Magistrate Judge evaluated the contents of both sets of contested documents. <u>See</u> Order at 7-8.  The contested email in Document Nos. 290-95 contained instructions from Mr. Glenn to his paralegals regarding the modification of a document for use by Time Warner, and the Magistrate Judge found, "This email falls within the attorney-client privilege as it was sent in furtherance of the rendition of legal services." <u>See</u> <u>id.</u> at 7.  With regard to the first contested email in Document Nos. 353-54, the Magistrate Judge found, "This email clearly contains legal advice and the legal strategy/opinion of counsel given in furtherance of the rendition of legal services."  <u>See</u> <u>id.</u>  The second contested email in

Document Nos. 353-54 was a response to the first contested email, and for which the Magistrate Judge found, "The contents of this email are also protected by the attorney-client privilege, as the email was sent in furtherance of the rendition of legal services." See id. at 8.

The attorney-client privilege "protects both the furnishing of legal advice by the lawyer and the giving of information to the lawyer to enable the lawyer to provide informed advice." See Affordable Bio Feedstock, Inc., v. Darling Int'l Inc., No. 6:11-cv-1301-ORL-28TBS, 2012 WL 5845007, at *2 (M.D. Fla. Nov. 19, 2012). The party seeking to invoke the attorney-client privilege bears the burden of proof to show that the primary purpose of the communication at issue was to obtain legal advice rather than business advice. See, e.g., In re Denture Cream Prods. Liab. Litig., No. 09-2051-MD, 2012 WL 5057844, at *6 (S.D. Fla. Oct. 18, 2012). The Court observes, "The attorney-client privileged [sic] is not lost, however, if business advice is simply incorporated into legal advice of counsel." See BellSouth Advert. & Pub. Corp. v. Am. Bus. Lists, Inc., No. 1:90-CV-149-JEC, 1992 WL 338392, at *8 (N.D. Ga. Sept. 8, 1992); see also Carpenter v. Mohawk Indus., Inc., No. 4:07-CV-0049HLM, 2007 WL 5971741, at *9 (N.D. Ga. Oct. 1, 2007). The Court also notes, "Communication between corporate client and outside litigation counsel are cloaked with a presumption of privilege." See United States v. Davita, Inc., 301 F.R.D. 676, 682 (N.D. Ga. 2014) (quoting U.S. ex rel. Baklid-Kunz v. Halifax Hosp. Med. Ctr., No. 6:09-CV-1002-ORL-31, 2012 WL 5415108, at *3 (M.D. Fla. Nov. 6, 2012)).

Upon review of the record in this action, as well as the Order, the Objection and the Response, the undersigned concludes that the Magistrate Judge's Order is neither clearly erroneous nor contrary to law. In doing so, the Court finds that the Magistrate Judge's factual determinations are fully supported by the record and that he applied the appropriate legal

framework to the facts.  As such, the Court finds no error in the Magistrate Judge's resolution of the Motion for a Protective Order, much less clear error.

Like the Magistrate Judge, the Court readily finds the contested emails to and from Mr. Glenn relate directly to Mr. Glenn's role as Time Warner's outside counsel in the North Carolina indemnity action, and the primary purpose of the emails was legal rather than business advice. Mr. Glenn was hired for the purpose of representing Time Warner in the North Carolina indemnity action, the contested emails pertain to the legal services Mr. Glenn provided in this role and were sent while the North Carolina action was still pending, and "were in furtherance of the rendition of legal services."  See Order at 7-8.  Similar to Preferred Care Partners, while business considerations may have been involved, the legal issues in the contested emails predominate any business considerations.  See Preferred Care Partners, 258 F.R.D. at 697. Time Warner's selection of Mr. Glenn as "the corporate representative with the most factual knowledge," regarding the settlement of the indemnity action, see Objections at 5-6, does not alter the nature of those emails.  As such, the Magistrate Judge correctly sustained Time Warner's assertion of attorney-client privilege with regard to Document Nos. 290-95 and 353-54. In light of the foregoing, it is

ORDERED:

Plaintiff Cableview's Objections to the Magistrate Judge's Order Dated March 31, 2015 (Doc. 97) are **OVERRULED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 7th day of October, 2015.

MARCIA MORALES HOWARD
United States District Judge

i31

Copies to:

Counsel of Record