UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| CABLEVIEW COMMUNICATIONS OF JACKSONVILLE, INC., a Florida Corporation, <br><br> Plaintiff, <br><br> v. <br><br> TIME WARNER CABLE SOUTHEAST LLC a/k/a TIME WARNER CABLE ENTERPRISES LLC f/k/a TIME WARNER ENTERTAINMENT COMPANY, L.P. a/k/a TIME WARNER ENTERTAINMENT- ADVANCE/NEWHOUSE PARTNERSHIP d/b/a TIME WARNER CABLE, <br><br> Defendant. | Case No.: 3:13-cv-306-J-34 JRK |

**DEFENDANT TIME WARNER CABLE SOUTHEAST LLC'S MOTION TO EITHER: (1) DISQUALIFY MR. WEBB FROM APPEARING AS PLAINTIFF'S TRIAL COUNSEL; OR (2) PRECLUDE MR. WEBB FROM TESTIFYING AT TRIAL, AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant Time Warner Cable Southeast LLC ("TWC-SE") hereby moves, pursuant to United States District Court for the Middle District of Florida Local Rule 2.04(d) and Rule 4-3.7 of the Rules Regulating the Florida Bar (the "Rules"), for entry of an order prohibiting John D. "Jack" Webb from both being called by Plaintiff Cableview Communications of Jacksonville, Inc. ("Cableview") to testify as a witness during trial and acting as trial counsel for Cableview.[1]

---

[1] TWC-SE has no preference on whether Mr. Webb is utilized by Cableview as either a trial witness or a trial attorney and is fine with Cableview making that choice in a timely manner. Unfortunately, Cableview has refused to choose to date.

1

## I. INTRODUCTION

Should this matter proceed to trial, Cableview intends to be represented at trial by attorney Jack Webb. Cableview also recently announced its intention to call Mr. Webb as a rebuttal witness at trial. However, as TWC-SE's counsel noted to Mr. Webb shortly after he was deposed in this matter, Rule 4-3.7 prohibits a lawyer from acting both as trial counsel and as a witness for his or her client at trial. The purpose of the Rule is to avoid the inherent prejudice to the tribunal and the opposing party when the lawyer combines his or her role as trial advocate and trial witness. Accordingly, Mr. Webb cannot act as Cableview's trial counsel and also be called as a trial witness by Cableview.

## II. PERTINENT FACTUAL BACKGROUND

### A. Mr. Webb Negotiates the Settlement Agreement Which Resolves TWEAN'S Claim for Indemnity Against Cableview for the McLarty Action

The facts of this case have been discussed in numerous pleadings filed in this case. The pertinent ones for purpose of this motion are that Mr. Webb was an active participant in the negotiations between a Cableview entity and a TWC entity that lead to the settlement agreement that the TWC entity would be paid $560,000 from the proceeds of the sale of various "Cableview" entities to FTS USA, LLC ("FTS").[2]

### B. Cableview Intends to Have Mr. Webb Act as Trial Counsel And Testify on its Behalf at Trial

Given his involvement in the settlement of the North Carolina Action and the FTS Transaction—both of which underlie this lawsuit—Mr. Webb was deposed in this action on

---

[2] As explained in TWC-SE's dispositive motions to dismiss and for summary judgment, Cableview has admitted under oath that it was never intended to receive this $560,000. For a detailed description of Mr. Webb's intimate involvement in the negotiation of the settlement underlying this action, please see TWC-SE's Motion for Summary Judgment (DE 129), at pages 10-11 (Fact Nos. 21-24) and pages 13-15 (Fact Nos. 30-32).

October 1, 2014. (Webb Dep. (Docs. 17) (DE 130-59)).[3] Over a six hour period, Mr. Webb gave 157 pages of deposition testimony pertaining to the facts underling this lawsuit. Thereafter, by letter dated January 5, 2015, TWC-SE put Cableview on notice that it intended to object to Mr. Webb's appearance as trial counsel pursuant to Rule 4-3.7. (Declaration of Mark L. Block filed concurrently herewith ("Block Decl."), ¶ 2, Ex. 1.) In the intervening 11 months, neither Cableview nor its counsel ever responded to this letter, and Mr. Webb, as well as multiple other lawyers from his former law firm, continued to work on this case. (*Id*.)

In accordance with their previous letter, on September 15, 2015, as part of their meet and confer with Cableview's counsel concerning *in limine* and other pre-trial motions, TWC-SE's counsel stated their intent to file a motion to exclude Mr. Webb from serving as trial counsel pursuant to Rule 4-3.7. (Block Decl., ¶ 3, Ex. 2.) After responding with a blanket "no" to TWC-SE's intended motions, Cableview's counsel stated that Cableview was reconsidering its position. (*Id*., Ex. 3.)

On November 17, 2015, Cableview's counsel argued that he should not be disqualified as trial counsel because Cableview will not call him as a trial witness. (Block Decl., ¶ 4, Ex. 4.) This position is consistent with Cableview's Initial Disclosures, which do not identify Mr. Webb as a witness. (*Id*., ¶ 5. Ex. 5.) In response, TWC-SE offered to refrain from moving to disqualify Mr. Webb as trial counsel if Cableview agreed not to call him as a witness at trial, and submitted a proposed stipulation to this effect. (*Id*., ¶ 6, Ex. 6.) Notwithstanding Mr. Webb's representation in his November 17th letter, Cableview revised the proposed stipulation by editing it to expressly reserve Cableview's ability to call Mr. Webb to offer "rebuttal testimony" at trial.

---

[3] Mr. Webb was represented in his deposition by an attorney from a different law firm (Michael J. Obringer of Marshall, Dennehey, Warner, Coleman & Goggin, P.C.). (Webb Dep. (Docs. 17) (DE 130-59) at 2.)

(*Id.*, ¶ 7, Ex. 7.) Cableview's recently stated intent to call Mr. Webb as a witness at the trial in which he will also act as its trial counsel violates Rule 4-3.7.

### III. ARGUMENT AND CITATION TO AUTHORITY

Although he may do one or the other, Mr. Webb cannot both serve as Cableview's trial counsel and be called by Cableview as a witness to testify at trial. Indeed, as explained in more detail below, Rule 4-3.7 is clear: a lawyer cannot serve as a trial witness and as trial counsel in the same action. The Court should therefore preclude Cableview from both having Mr. Webb act as its trial counsel and calling Mr. Webb to testify as a witness at trial.

**A. Mr. Webb cannot serve as trial counsel and be called as a trial witness by Cableview**

The Rules expressly forbid a lawyer from representing a client at a trial in which the lawyer will be a witness for the client. Indeed, Rule 4-3.7(a)[4] states: "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client." R. Regulating Fla. Bar 4-3.7(a). Rule 4.3.7 thus precludes Cableview from calling Mr. Webb as a witness at trial when Mr. Webb is also acting as Cableview's advocate at trial. *See, e.g., Fleitman v. McPherson*, 691 So.2d 37, 38 (Fla. 1st DCA 1997) (affirming trial court's disqualification of lawyer as trial counsel because counsel was to testify at trial on behalf of client).

Rule 4-3.7 is designed to avoid the "prejudice [to] the tribunal and the opposing party" which arises from trial counsel "[c]ombining the roles of advocate and witness." R. Regulating Fla. Bar 4-3.7 cmt. As the comments to Rule 4-3.7 explain:

---

[4] The Florida Rules of Professional Conduct govern the professional conduct of lawyers appearing before the U.S. District Court for the Middle District of Florida. *See* M.D. Fla. R. 2.04(d) ("The professional conduct of all members of the bar of this Court, admitted generally under Rule 2.01 or specially under Rule 2.02, shall be governed by the Model Rules of Professional Conduct of the American Bar Association as modified and adopted by the Supreme Court of Florida to govern the professional behavior of the members of The Florida Bar.").

4

> The trier of fact may be confused or misled by a lawyer serving as both advocate and witness. The combination of roles may prejudice another party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

*Id.* Rule 4-3.7 thus requires disqualification of a lawyer as trial counsel if he or she is also going to be called as a witness at trial by the client. *See*, *e.g.*, *Suchite v. Kleppin*, 784 F. Supp. 2d 1343, 1346, 1348 (S.D. Fla. 2011) (precluding lawyer from acting as trial advocate because of prejudicial effect of trial counsel testifying as to contested issue);[5] *cf.* M.D. Fla. L.R. 5.06(b)(15) ("In opening statements and in argument to the jury, counsel shall not express personal knowledge or opinion concerning any matter in issue …").

Allowing Mr. Webb to testify at trial on behalf of Cableview and act as its trial advocate would be prejudicial to both the tribunal and to TWC-SE. Indeed, Cableview recognizes that the testimony it would elicit from Mr. Webb at trial would relate to a contested issue, as Cableview seeks the ability to call Mr. Webb as a "rebuttal" witness. Moreover, if Cableview elects to have Mr. Webb testify rather than act as trial counsel, Mr. Webb may not be permitted to sit at counsel table during trial, as that would cloak him in the role of trial advocate. *See*, *e.g.*, *McKenna v. Wal-Mart Stores, Inc.*, No. CIV.A.SA-96-CA-1241, 1998 WL 1784216, at *3, (W.D. Texas 1998) ("should [attorney] Richardson participate in trial, even to the extent of sitting at counsel table, he opens himself up to disqualification at that time or to having his testimony excluded.").

**B. The exceptions to Rule 4-3.7(a) do not permit Mr. Webb to serve as both trial counsel and trial witness for Cableview**

Although Rule 4-3.7(a) provides four exceptions to the clear ban on lawyers serving as both trial advocate and witness, none of those exceptions apply to Mr. Webb.

---

[5] "The opposing party has proper objection where the combination of roles [as trial advocate and trial witness] may prejudice that party's rights in the litigation." *Suchite*, 784 F.Supp.2d at 1346 (quoting former R. Regulating Fla. Bar 4-3.7 cmt).

### 1. Rule 4-3.7(a)'s content-related exceptions do not permit Mr. Webb to serve as trial counsel and trial witness

The first three exceptions to Rule 4-3.7(a) relate to the content of the lawyer-witness's testimony. Specifically, a lawyer-witness may act as trial counsel if his or her testimony falls into one of three narrow categories:

(1) It "relates to an uncontested issue;"

(2) It "will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;" or

(3) It "relates to the nature and value of legal services rendered in the case."

R. Regulating Fla. Bar 4-3.7(a).

Here, Mr. Webb's trial testimony does not fall into any of these categories. Indeed, Cableview proposes the ability to call Mr. Webb as a "rebuttal" trial witness, which necessarily means Cableview intends to elicit testimony from Mr. Webb which is inconsistent with or otherwise contested by one or more TWC-SE's witnesses. Since there are no "uncontested" issues for which Mr. Webb could possibly testify as a "rebuttal" witness, none of the content-related exceptions to Rule 4-3.7 apply.

### 2. Mr. Webb's combined roles as trial advocate and witness will confuse the jury and prejudice TWC-SE, while disqualifying Mr. Webb as trial counsel will not work substantial hardship on Cableview

The fourth exception to Rule 4-3.7(a) allows the court to consider how the lawyer-witness's disqualification from serving as trial counsel will impact the lawyer-witness's client. Specifically, a lawyer-witness may serve as trial counsel if "(4) disqualification of the lawyer would work substantial hardship on the client." R. Regulating Fla. Bar 4-3.7(a). This exception "recognizes that a balancing is required between the interests of the client and those of the tribunal and the opposing party." R. Regulating Fla. Bar 4-3.7 cmt. To determine whether the

lawyer-witness's testimony will likely mislead the tribunal and prejudice the opposing party, the court should consider "the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses." *Id.*

"It is [also] relevant that one or both parties could reasonably foresee that the lawyer would probably be a witness" in determining whether disqualification would work a substantial hardship. R. Regulating Fla. Bar 4-3.7 cmt. Thus, "substantial hardship to the client speaks to the situation where the potential for disqualification was not known to the parties in advance." *Jones v. City of Chicago*, 610 F.Supp. 350, 361 (N.D. Ill. 1984) ("Where the lawyer and client know, or should know, that the lawyer may be an indispensable witness in a potential suit they cannot continue, by their joint actions, to enlarge the dependence of the client upon the lawyer and thus increase the hardship to the client when the lawyer and his law firm may be disqualified. Hardship to the client because of the client's dependence upon the lawyer means hardship that the parties could not rationally foresee."); *see also*, *e.g.*, *U.S. v. Peng*, 602 F. Supp. 298, 303 (S.D.N.Y. 1985) (finding no substantial hardship from disqualification of trial counsel upon re-trial of case, because client and counsel knew or should have known from beginning of case that counsel was a witness). The "substantial hardship" exception is therefore inapplicable when the client or counsel knew or should have known that counsel would likely be a witness in the case.

Here, allowing Mr. Webb to serve as both trial counsel and trial witness would greatly prejudice TWC-SE. As noted above, Rule 4-3.7(a) prohibits trial counsel from simultaneously serving as a witness because "[i]t may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof." R. Regulating Fla. Bar 4-3.7 cmt. In

7

other words, the jury may find that a lawyer-witness's testimony is more credible than other witnesses simply because the lawyer-witness is advocating as trial counsel. For Mr. Webb to testify as a "rebuttal" witness would thus unfairly elevate his credibility over that of TWC-SE's witnesses, and thereby severely prejudice TWC-SE.

While allowing Mr. Webb to serve as trial counsel would confuse the jury and greatly prejudice TWC-SE, disqualifying Mr. Webb as trial counsel or precluding Cableview from calling him as a trial witness would not impose a substantial hardship on Cableview. Rule 4-3.7(b) permits a lawyer to "act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness." Regulating Fla. Bar 4-3.7(b). Rule 4-3.7(b) permits such representation because, unlike in the representation prohibited by Rule 4-3.7(a), "the tribunal is not likely to be misled when a lawyer acts as advocate in a trial in which another lawyer in the lawyer's firm will testify as a necessary witness." R. Regulating Fla. Bar 4-3.7 cmt.

Thus, while Rule 4-3.7(a) prohibits Mr. Webb from acting as trial counsel in this case if he is also called as a trial witness by Cableview, another lawyer in his firm—Kelley Kronenberg—may serve as Cableview's trial counsel. Given that "Kelley Kronenberg is a national full service law firm comprised of 10 offices with nearly 100 lawyers,"[6] there is certainly another competent attorney in Mr. Webb's firm who can act as Cableview's trial counsel.

Furthermore, any possible prejudice to Cableview is of its own making or that of its lawyers, and thus Cableview cannot invoke the "substantial hardship" exception to counsel's disqualification. Cableview and Mr. Webb were both well aware of Mr. Webb's involvement in

---

[6] *Our Firm*, Kelley Kronenberg, http://www.kelleykronenberg.com/our-firm/ (last visited December 5, 2015). Nine of Kelley Kronenberg's ten offices are located in Florida. *Our Offices*, Kelley Kronenberg, http://www.kelleykronenberg.com/our-offices/ (last visited December 5, 2015).

the negotiation of the underlying settlement agreement (including the negotiation for and execution of the Joint Wiring Instructions by which the $560,000 was paid to TWEAN) even before this lawsuit was filed. Indeed, "[b]y counseling [the client] in this business transaction, [the law firm] put itself in the position of having [counsel] acquire factual information which made his testimony necessary when the transaction evolved into litigation." *FDIC v. Sierra Resources, Inc.*, 682 F.Supp. 1167, 1171 (D. Colo. 1987). In *Sierra Resources*, the court held that the "substantial hardship" exception to disqualification of trial counsel did not apply because counsel should have known he likely was a trial witness, noting that "[t]he assertion that present counsel has consumed great resources and has spent considerable time in preparation for trial is not sufficient to qualify defendants for the substantial hardship exception." *Id.*[7] As was the case in *Sierra Resources*, Mr. Webb put himself in the position of being a trial witness when he negotiated the Settlement Agreement with TWEAN, long before this lawsuit was filed, and thus the "substantial hardship" exception cannot now obviate his disqualification as trial counsel.

Moreover, TWC-SE first notified Cableview that it would seek to disqualify Mr. Webb as trial counsel on January 5, 2015, almost a year ago. (Block Decl., Ex. 1.) Although neither Cableview nor its counsel ever responded to this correspondence, presumably Cableview and Mr. Webb took whatever action was appropriate in response thereto to ensure Cableview was represented by competent trial counsel. Finally, any cognizable "substantial hardship" to Cableview is vastly outweighed by the extreme and inherent prejudice that both TWC-SE and

---

[7] Courts routinely find that the "hardship" exception cannot save counsel from disqualification when the client or attorney knew or should have known the attorney would likely be a witness, and proceeded to have that attorney litigate the case anyway. *See*, *e.g.*, *Peng*, 602 F.Supp. at 303 (no "substantial hardship" existed to avoid disqualification of counsel upon re-trial of case because client and counsel knew from inception that counsel would be a witness); *Fognani v. Young*, 115 P.3d 1268, 1272 (Colo. 2005) (no "substantial hardship" to preclude disqualification of trial counsel/witness even though parties were in the "midst of pretrial litigation" because client and counsel knew counsel was a likely witness); *FDIC v. Sierra Resources, Inc.*, 682 F.Supp. 1167, 1171 (D. Colo. 1987) (expense involved in obtaining substitute trial counsel not constitute "substantial hardship" because counsel should have known he was a witness when lawsuit filed).

the tribunal will suffer if Mr. Webb is allowed to serve as both trial counsel and trial witness for Cableview. Accordingly, Mr. Webb must either be disqualified as trial counsel or precluded from testifying on Cableview's behalf at trial.

## V. CONCLUSION

For the foregoing reasons, TWC-SE respectfully requests that the Court grant this motion and issue an order precluding Mr. Webb from both acting as trial counsel and testifying at trial on behalf of Cableview. In the event Cableview elects to have Mr. Webb testify as a trial witness, TWC-SE requests and invokes its right, under Rule 615 of the Federal Rules of Evidence, for an order sequestering Mr. Webb at trial.

## RULE 3.01(g) CERTIFICATE

In accordance with Local Rule 3.01(g), the undersigned certifies that counsel contacted and conferred with Cableview's counsel in writing on September 15, 2015, November 23, 2005, November 25, 2015, and November 30, 2015, in an attempt to resolve the issues presented by this motion. The parties have been unable to agree on a resolution of this motion.

Respectfully submitted,

/s/ Mark L. Block
MICHAEL S. FRENCH
Georgia Bar No. 276680
(Admitted *Pro Hac Vice)*
999 Peachtree Street, NE
26th Floor
Atlanta, Georgia 30309
Telephone: (404) 853-1500
Facsimile: (404)853-1511
E-mail: mfrench@wargofrench.com

MARK L. BLOCK
California Bar No. 115457
(Admitted *Pro Hac Vice)*
1888 Century Park East, Suite 1520
Los Angeles, CA 90067
Telephone: (310) 853-6355

Facsimile: (310) 853-6333
E-mail: mblock@wargofrench.com

*Attorneys for Defendant Time Warner Cable Southeast LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was electronically filed using the Court's CM/ECF System on December 9, 2015, which caused the same to be served on all counsel of record.

／s/ Mark L. Block
Mark L. Block